[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

----------------------------------------

No. 06-12814
Non-Argument Calendar

----------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 9, 2007
THOMAS K. KAHN
CLERK

D.C. Docket No. 05-00045-CR-1-MMP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALEJANDRO MARTIN CABEZAS,

Defendant-Appellant.

-----------------------------------------------------------------

Appeal from the United States District Court
for the Northern District of Florida

-----------------------------------------------------------------

**(May 9, 2007)**

Before EDMONDSON, Chief Judge, BIRCH and CARNES, Circuit Judges.

PER CURIAM:

Defendant-Appellant Alejandro Martin Cabezas appeals his 27-month

sentence imposed upon his conviction for being a previously convicted felon in

possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(2). No reversible error has been shown; we affirm.

Cabezas challenges the sentencing court's imposition of a four-level enhancement under U.S.S.G. § 2K2.1(b)(5)[1] for possessing a pistol and ammunition in connection with another felony offense. Section 2K2.1(b)(5) provided in part:

> If the defendant used or possessed any firearm or ammunition in connection with another felony offense; or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense, increase by 4 levels.

Authorities found a pistol, two extended magazines and 24 rounds of ammunition in a box on the shelf in Cabezas's closet; also found in that box were 86 grams of marijuana and marijuana seeds, six glass bongs, and 80.7 grams of psilocybin mushrooms. Possession of more than 20 grams of marijuana is a felony offense under Florida law. Another closet in Cabezas's bedroom was found to house disassembled marijuana-grow equipment.

At sentencing, Cabezas objected that the four-level U.S.S.G. § 2K2.1(b)(5) enhancement should have no application because the firearm was "merely present"

---

[1]Cabezas was sentenced under the 1 November 2005 version of the guidelines.

2

in the same box as the marijuana and "no nexus" had been shown between the firearm and the marijuana found. The district court overruled the objection. With the four-level enhancement, the resulting guidelines range was 27 to 33 months; the 27-month sentence imposed was at the low end of the guidelines range.

Cabezas's argument on appeal is that for purposes of satisfying the "in connection with" requirement of section 2K2.1(b)(5), the government must show by a preponderance of the evidence that the possession of the weapon facilitated the commission of the other crime. The guidelines provide no definition of the phrase "in connection with" in section 2K2.1(b)(5). But, as Cabezas acknowledges, we have addressed this issue in United States v. Rhind, 289 F.3d 690 (11th Cir. 2002).

To construe "in connection with" in section 2K2.1(b)(5), Rhind first reviewed caselaw interpreting the identical phrase in other sentencing guidelines. Id. at 695. That review supported an expansive -- not restrictive -- construction of the phrase. Id. And, that expansive interpretation, considered in harmony with the ordinary and natural meaning of the words, supported no requirement that the firearm be shown to facilitate the other felony offense. Id. Instead, "in connection with" "merely reflects the context of [the defendant's] possession of the firearm." Id. (internal quotation and citation omitted). So long as the weapon's presence is

not attributable only to accident or mere coincidence, a section 2K2.1(b)(5) enhancement is warranted under Rhind if the firearm is available during the commission of the underlying offense.

Cabezas concedes the "facilitation" standard he advocates has been rejected by decisions of this Circuit. He advances the issue on appeal so that it may be preserved in the event Rhind is overruled. Rhind is controlling authority unless or until the Supreme Court or this Court sitting en banc overrules it. This panel -- as was the district court -- is bound to apply Rhind. See Cargill v. Turpin, 120 F.3d 1366, 1386 (11th Cir. 1997) ("The law of this circuit is 'emphatic' that only the Supreme Court or this court sitting en banc can judicially overrule a prior panel decision.").

The district court interpreted correctly the guidelines;[2] the four-level section 2K2.1(b)(5) enhancement appropriately was applied.

**AFFIRMED.**

---

[2]Cabezas advances no argument that the district court erred in its factual findings when it imposed the four-level enhancement.